Ira R. Weatherhead, OSB No. 78007
Draneas and Huglin, PC
4004 Kruse Way Place, Suite 200
Lake Oswego, Oregon 97035
(503) 496-5524
Fax (503) 496-5510
randy@draneaslaw.com

**FILED**

OCT 27 2009

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREGORY W. KOHN, Trustee of the Casey W. Bennett Trust,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL SHELTERED EMPLOYEE RETIREMENT PLAN (SERP), and INTEL SHELTERED EMPLOYEE RETIREMENT PLAN PLUS (SERPLUS),<br><br>        Defendants. | Case No.  CV-08-1192-ST<br><br>GENERAL JUDGMENT OF DISMISSAL |
| INTEL SHELTERED EMPLOYEE RETIREMENT PLAN (SERP), and INTEL SHELTERED EMPLOYEE RETIREMENT PLAN PLUS (SERPLUS),<br><br>        Counterclaimants,<br><br>    v.<br><br>AMANDA BENNETT, an individual, CB, a minor child, and MB, minor child,<br><br>        Counterdefendants. | |

This matter having come before the Court based upon the stipulated settlement among

Gregory W. Kohn, Trustee of the Casey W. Bennett Trust, Plaintiff; Intel Sheltered Employee

Retirement Plan ("SERP") and Intel Sheltered Employee Retirement Plan Plus ("SERPLUS"),

1 – GENERAL JUDGMENT OF DISMISSAL AND LIMITED JUDGMENT

Defendants and Counterclaimants; and Amanda Bennett, an individual, and Alice Wheeler, Guardian ad litem for CB, a minor child, and MB, a minor child, Counterdefendants. Said Settlement Agreement is attached hereto and incorporated herein.

Based upon the terms of the Settlement Agreement between Plaintiff, Counterclaimants, and Counterdefendants and the Court being fully advised in the Premises, it is Ordered and Adjudged that:

1.     Pursuant to Rule 41, Plaintiff's claims against Defendants SERP and SERPLUS are dismissed with prejudice, all claims by and between Plaintiff and Counterdefendants are dismissed with prejudice, subject to the distributions required under paragraph 1.a of the Settlement Agreement, any other claims versus Defendants/Counterclaimants SERP and SERPLUS are dismissed with prejudice, and the terms of the Settlement Agreement are incorporated into this Order and General Judgment. The parties shall bear their own attorneys' fees and costs.

2.     Counterclaimants SERP and SERPLUS funds held on behalf of the decedent, Casey W. Bennett, shall be paid to Counterdefendants as follows: The funds held for minor CB and minor MB are to be paid to Melody Bennett, Trustee of each of their respective Trusts, attached hereto and incorporated herein; and the funds held for Amanda Bennett be paid to her.

DATED: $\underline{Oct\ 27}$ , 2009.

_____
Judge Janice M. Stewart

STIPULATED TO BY:

Casey W. Bennett Trust


By:_____
     Greg W. Kohn, Trustee of the
     Casey W. Bennett Trust

2 - GENERAL JUDGMENT

Defendants and Counterclaimants; and Amanda Bennett, an individual, and Alice Wheeler, Guardian ad litem for CB, a minor child, and MB, a minor child, Counterdefendants. Said Settlement Agreement is attached hereto and incorporated herein.

Based upon the terms of the Settlement Agreement between Plaintiff, Counterclaimants, and Counterdefendants and the Court being fully advised in the Premises, it is Ordered and Adjudged that:

1.    Pursuant to Rule 41, Plaintiff's claims against Defendants SERP and SERPLUS are dismissed with prejudice, all claims by and between Plaintiff and Counterdefendants are dismissed with prejudice, subject to the distributions required under paragraph 1.a of the Settlement Agreement, any other claims versus Defendants/Counterclaimants SERP and SERPLUS are dismissed with prejudice, and the terms of the Settlement Agreement are incorporated into this Order and General Judgment.  The parties shall bear their own attorneys' fees and costs.

2.    Counterclaimants SERP and SERPLUS funds held on behalf of the decedent, Casey W. Bennett, shall be paid to Counterdefendants as follows: The funds held for minor CB and minor MB are to be paid to Melody Bennett, Trustee of each of their respective Trusts, attached hereto and incorporated herein; and the funds held for Amanda Bennett be paid to her.

DATED: _____, 2009.


_____
Judge Janice M. Stewart


STIPULATED TO BY:

Casey W. Bennett Trust

By: _____
     Greg W. Kohn, Trustee of the
     Casey W. Bennett Trust

2 - GENERAL JUDGMENT

_____
Greg W. Kohn, individually


_____
Jean Kohn, individually


_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


_____
Alice Wheeler, guardian ad litem
for CB and MB


_____
Ira R. Weatherhead, OSB # 78007
of Attorneys for Alice Wheeler


_____
Amanda Bennett, an individual


_____
Ronald D Ferguson, OSB # 751169
Attorney for Amanda Bennett


_____
Melody Bennett, Trustee


_____
Sarah J. Ryan, OSB #831311
Attorney for Intel sheltered Employee
Retirement Plan (SERP) and Intel
Sheltered Employee Retirement Plan
Plus (SERPLUS)


3 - GENERAL JUDGMENT

_____
Greg W. Kohn, individually


_____
Jean Kohn, individually


_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust

_____
Alice Wheeler, guardian ad litem
for CB and MB


_____
Ira R. Weatherhead, OSB # 78007
of Attorneys for Alice Wheeler


_____
Amanda Bennett, an individual


_____
Ronald D Ferguson, OSB # 751169
Attorney for Amanda Bennett


_____
Melody Bennett, Trustee


_____
Sarah J. Ryan, OSB #831311
Attorney for Intel sheltered Employee
Retirement Plan (SERP) and Intel
Sheltered Employee Retirement Plan
Plus (SERPLUS)

3 - GENERAL JUDGMENT

_____
Greg W. Kohn, individually


_____
Jean Kohn, individually


_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


_____
Alice Wheeler, guardian ad litem
for CB and MB

_____
Ira R. Weatherhead, OSB # 78007
of Attorneys for Alice Wheeler

_____
Amanda Bennett, an individual


_____
Ronald D Ferguson, OSB # 751169
Attorney for Amanda Bennett


_____
Melody Bennett, Trustee


_____
Sarah J. Ryan, OSB #831311
Attorney for Intel sheltered Employee
Retirement Plan (SERP) and Intel
Sheltered Employee Retirement Plan
Plus (SERPLUS)


3 - GENERAL JUDGMENT

_____
Greg W. Kohn, individually

_____
Jean Kohn, individually


_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


_____
Alice Wheeler, guardian ad litem
for CB and MB


_____
Ira R. Weatherhead, OSB # 78007
of Attorneys for Alice Wheeler


_____
Amanda Bennett, an individual


_____
Ronald D Ferguson, OSB # 751169
Attorney for Amanda Bennett


_____
Melody Bennett, Trustee


_____
Sarah J. Ryan, OSB #831311
Attorney for Intel sheltered Employee
Retirement Plan (SERP) and Intel
Sheltered Employee Retirement Plan
Plus (SERPLUS)


3 - GENERAL JUDGMENT

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of Claims (Agreement/Release) is made and binding between and among **Gregory W. Kohn, Trustee of the Casey W. Bennett Trust** (hereafter referred to as "**Bennett Trust**"), **Gregory W. Kohn**, an individual, (hereafter referred to as "**Kohn**"), **Jean Kohn**, an individual, **Amanda Bennett**, an individual, (hereafter referred to as "**Amanda**"), **Melody Bennett**, an individual, **Alice Wheeler, guardian ad litem for Christian Bennett and Makenzy Bennett**, (hereafter referred to as "**Wheeler**") and the **Intel Sheltered Employee Retirement Plan** (comprised of the Intel Corporation 401(k) Savings Plan, the Intel Corporation Profit Sharing Retirement Plan, and the Intel Corporation Defined Benefit Pension Plan and hereafter referred to as "**SERP**"), and the **Intel Sheltered Employee Retirement Plan Plus** (hereafter referred to as "**SERPLUS**") (SERP and SERPLUS are collectively referred to as the "**Plans**") (all collectively referred to as the "**Parties**").

**WHEREAS**, Casey W. Bennett died February 6, 2004. During his lifetime he had been a plan participant in both the Plans, which were administered by Fidelity Investments (hereafter referred to as "Fidelity"); and

**WHEREAS**, prior to his death Casey W. Bennett had executed an inter-vivos Trust dated January 14, 2004, which also contained a Support Trust to fulfill his support obligations pursuant to the Judgment of Dissolution of Marriage by and between Melody Bennett and Casey W. Bennett; and

**WHEREAS**, the Bennett Trust filed a claim in the United States District Court, District of Oregon, Case No. CV 08-1192-ST (hereafter referred to as "Lawsuit") against the SERP and SERPLUS plans to have the plan benefits for both plans paid to the Bennett Trust; and

**WHEREAS**, the SERP and SERPLUS plans Answered and Counterclaimed for Interpleader, naming the Children as Counterclaim Defendants (Amanda, Christian and Makenzy are herein collectively referred to as "Children"); and

**WHEREAS**, currently the sole issue in the litigation is the determination of the beneficiary of the Plans; and

**WHEREAS**, the Children and Melody Bennett have additional claims against Kohn arising from his management of the Bennett Trust assets and the Children and the Bennett Trust have asserted claims against the Plans and Fidelity for attorneys' fees and arising from a 2006 and a 2007 distribution from Casey Bennett's SERPLUS account, but have not yet filed either a Petition to Remove or lawsuit for damages regarding those claims (hereafter referred to as "Claims"); and

**WHEREAS**, the outcome of the Lawsuit and the Claims is uncertain and the Parties desire to settle both the Lawsuit and the Claims, and all other claims among them,

including, but not limited to, all civil claims which could be asserted, and all complaints and potential remedies or sanctions, fully and finally without further risks, uncertainties, expenses, and inconveniences of litigation arising from the management of the Bennett Trust by Greg Kohn, the administration, management, handling, and distribution of Casey Bennett's retirement accounts, attorneys' fees, and the 2006 and the 2007 SERPLUS account distributions.

## NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:

### 1. SETTLEMENT TERMS

The Parties agree to settle all claims among themselves as follows:

a. The Plans will cause Fidelity to distribute the entire balances of the SERP account and the SERPLUS account to Amanda Bennett, the Christian Bennett Trust, and the Makenzy Bennett Trust, in three equal shares. As of October 15, 2009, the balance in the SERP account was $249,448.29 and the SERPLUS account was $98,645.76. The October 15, 2009 SERPLUS account balance does not include $49,664.13, which will be returned to the SERPLUS account on October 15, 2009 or October 16, 2009. The Plans' distribution obligation under this paragraph is subject to execution by the Children or the Children's authorized representatives of reasonable and necessary forms and paperwork and by submission of necessary documents to accomplish the distribution. Each recipient of distributions from the SERP and SERPLUS accounts will be responsible for his/her/its own tax obligations, if any, arising from the distributions required under this paragraph.

b. Upon satisfaction of the obligations set forth in paragraph 1.a, the parties agree to submit the General Judgment, in the form attached as Exhibit A.

c. The Bennett Trust agrees to pay out of the Support Trust the amount of $25,500 to Melody Bennett in full satisfaction of a claimed support obligation to Melody Bennett through the date hereof for past due child support. The receipt of the money shall constitute a satisfaction, and Melody Bennett will execute any reasonably requested documents to that effect.

d. The Bennett Trust shall pay the remaining Davis Wright Tremaine invoice to date of settlement, in the approximate amount of $3,000 for attorney fees.

e. The Bennett Trust has no objection to West Coast Trust Company being appointed the Successor Trustee.

f. Greg Kohn agrees to resign, effective immediately, and Jean Kohn agrees to decline to being appointed the successor Trustee, per the Bennett Trust document, and Greg Kohn agrees to notify all investment firms, banks, and property managers that he is currently using to manage the Bennett Trust assets that he has resigned as Trustee and that West Coast Trust Company is the successor Trustee of the Bennett Trust. He agrees

to turn over to West Coast Trust Company all Bennett Trust personal and real property, including keys thereto, along with all accounting information, tax records, and bank records, within 3 days of the execution of this Settlement Agreement.

g. Pursuant to Section 2, below, the Children and Melody Bennett agree to release from all liability Greg Kohn both individually, and in his capacity as trustee of the Bennett Trust, on the terms set forth in that section.

## 2.    RELEASE AND SATISFACTION

a. The Children and Melody Bennett, for themselves and their assigns, agents, members, employees, insurers, attorneys, representatives, beneficiaries, and administrators, hereby fully and forever release, Greg Kohn, both as Trustee and in his individual capacity, along with his successors, predecessors, assigns, agents, attorneys, employees, officers, directors, insurers, and all other affiliated persons, firms, or corporations (including, without limitation, Jean Kohn), from any and all past, present, and future claims, demands, obligations, criminal claims, causes of action for damages of any kind, known and unknown, the basis for which now exists or may hereafter become manifest, which in any manner arise out of or relate to the administration of the Casey W. Bennett Estate, the Bennett Trust, or Kohn, individually, and any other relationship they may have had between them.

b. The Children and Melody Bennett, for themselves and their assigns, agents, members, employees, insurers, attorneys, representatives, beneficiaries, and administrators, hereby fully and forever release, Intel Corporation ("Intel"), the Plans, together with their current, former, and future subsidiary corporations, parent corporation, affiliates, members, officers, directors, partners, agents, employees, independent contractors, trustees, fiduciaries, predecessors, successors, insurers, attorneys, and assigns, and each of them, (including, without limitation, Fidelity), from any and all past, present, and future claims, demands, obligations, criminal claims, attorneys' fees, causes of action for damages of any kind, known and unknown, the basis for which now exists or may hereafter become manifest, including, but not limited to, those which in any manner arise out of or relate to the Plans, management, administration, handling, and distribution of Casey Bennett's retirement accounts, and Casey W. Bennett.

c. Greg Kohn, both individually and as Trustee of the Bennett Trust, for himself and his assigns, agents, members, employees, insurers, attorneys, representatives, beneficiaries, and administrators, hereby fully and forever release, the Children and Melody Bennett, along with their successors, predecessors, assigns, agents, attorneys, employees, officers, directors, insurers, and all other affiliated persons, firms, or corporations, from any and all past, present, and future claims, demands, obligations, criminal claims, causes of action for damages of any kind, known and unknown, the basis for which now exists or may hereafter become manifest, which in any manner arise out of or relate to the administration of the Casey W. Bennett Estate, the Bennett Trust, or Kohn, individually, and any other relationship they may have had between them.

Case 3:08-cv-01192-ST    Document 32    Filed 10/22/2009    Page 11 of 31

d.    Greg Kohn, both individually and as Trustee of the Bennett Trust, for himself and his assigns, agents, members, employees, insurers, attorneys, representatives, beneficiaries, and administrators, hereby fully and forever release, Intel Corporation ("Intel"), the Plans, together with their current, former, and future subsidiary corporations, parent corporation, affiliates, members, officers, directors, partners, agents, employees, independent contractors, trustees, fiduciaries, predecessors, successors, insurers, attorneys, and assigns, and each of them, (including, without limitation, Fidelity), from any and all past, present, and future claims, demands, obligations, criminal claims, attorneys' fees, causes of action for damages of any kind, known and unknown, the basis for which now exists or may hereafter become manifest, which in any manner arise out of or relate to the Plans, management and administration of Casey Bennett's retirement accounts, and Casey W. Bennett.

e.    The Plans, for themselves and their assigns, agents, members, employees, insurers, attorneys, representatives, beneficiaries, and administrators, hereby fully and forever release, the Children, Melody Bennett, and Greg Kohn, both as Trustee and in his individual capacity, along with his successors, predecessors, assigns, agents, attorneys, employees, officers, directors, insurers, and all other affiliated persons, firms, or corporations (including, without limitation, Jean Kohn), from any and all past, present, and future claims, demands, obligations, criminal claims, attorneys' fees, causes of action for damages of any kind, known and unknown, the basis for which now exists or may hereafter become manifest, including, but not limited to, those which in any manner arise out of or relate to the Plans, management, administration, handling, and distribution of Casey Bennett's retirement accounts, and Casey W. Bennett.

### 3.    EXPRESS ACKNOWLEDGMENTS, REPRESENTATIONS, AND WARRANTIES

3. 1    The Parties expressly acknowledge and agree that the Release set forth above in Section 2 is a general release and satisfaction of the Claims. In that context, the Parties expressly waive and assume the risk of any and all claims for damages that exist as of this date, including claims even if they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise and which, if known, would materially affect their decision to enter into this Agreement/Release.

3.2    The Parties assume the risk that the facts or law may be other than as they believe it to be.

3.3    Each Party expressly represents and warrants that it has relied on its own knowledge of the facts and the advice of its own lawyer concerning the consequences of this Agreement/Release; and that the signers of this Agreement/Release are of legal age, legally competent to execute this Agreement/Release, and/or have full authority to sign this Agreement/Release. The parties further warrant that no promise or inducement has been offered, except as set forth herein and that this Agreement/Release is executed

without reliance on any statement or representation by any other party concerning the nature and extent of damages or legal liability.

     3.4    The Parties represent and warrant that no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this Agreement/Release and that each party has the sole right and exclusive authority to execute this Agreement/Release and receive the sums specified in it and that no party has sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement/Release.

     3.5    The Parties expressly acknowledge and agree that the purpose and effect of this Agreement/Release is to fully and forever resolve all issues relating to the Lawsuit, as among the Parties herein, and Greg Kohn's administration as trustee, and individually, of the Bennett Trust and the Estate of Casey W. Bennett, and Fidelity's, Intel's, and the Plans' administration, management, handling, and distribution of the SERPLUS and SERP accounts, and that no party will pursue the other for anything relating in any way to the Claims and Lawsuit being released, either in a civil or criminal proceeding.

     3.6    The Parties expressly acknowledge and agree that the terms of this Agreement/Release are contractual in nature and not merely a recital.

     3.7    The Parties, and their counsel, agree not to disparage one another with respect to the transactions that gave rise to this Agreement. The Parties agree that this Non-Disparagement provision is an important part of this Agreement, and a breach of this Non-Disparagement provision will constitute a material breach of this Agreement.

## 4.    COOPERATION

     The Parties agree to cooperate to execute any documents or take any other acts necessary to accomplish the distributions referenced in paragraph 1 and other acts and obligations set forth in this Agreement/Release.

## 5.    NO ADMISSION OF LIABILITY

     The Parties to this Agreement/Release agree that entering into this Agreement/Release is not an admission of liability by any party, and that such liability is expressly denied.

### 6.    ATTORNEY FEES

The Bennett Trust shall pay the attorney's fees of Greg Kohn, Trustee, as set forth in section 1(c) above, incurred on behalf of the Bennett Trust; and Amanda and Wheeler shall pay their respective fees out of the respective Plan distributions. Neither Kohn, nor the Children have any obligation to reimburse the Plans for fees incurred by the Plans in connection with the Lawsuit. Neither the Plans, Intel, nor Fidelity have any obligation to reimburse Greg Kohn, the Bennett Trust, Amanda Bennett, Melody Bennett, Alice Wheeler, Christian Bennett, or Makenzy Bennett for fees incurred in connection with the Lawsuit or otherwise. Except as set forth in Section 1.c above, each party to the Lawsuit is responsible for his/her/its own attorneys' fees and other litigation expenses.

### 7.    ENFORCEMENT OF AGREEMENT

In the event of a material breach of this Agreement or other dispute regarding the enforcement or interpretation of this Agreement, the prevailing party shall be entitled to recover its attorney fees, and in addition to attorney fees all costs and expenses, but not including initial legal fees and costs incurred to date hereof, incurred by such prevailing party in such suit or action, including without limitation, any arbitration, trial, post-trial or appellate proceeding. All terms of this Agreement and all Agreements incorporated herein shall survive the filing of the Stipulated Dismissal, and breaches thereof may be specifically enforced, or either party may sue for damages.

### 8.    GOVERNING LAW

This Agreement/Release shall be construed and interpreted in accordance with the laws of the state of Oregon without regard to its principles of conflicts of laws. Because the parties and their respective counsel have reviewed, revised, and negotiated, or had the opportunity to review, revise, or negotiate the terms, conditions, and language of this Agreement/Release, the rule of construction that ambiguities are to be resolved against the drafting party does not apply.

### 9.    INTEGRATION

This Agreement/Release, and the Exhibits, constitutes the entire agreement between and among the Parties with regard to the matters set forth herein and supersedes all other undertaking, oral or written, with respect to the subject matter hereof, and is conclusive and binding on and inures to the benefit of the executors, administrators, personal representatives, heirs, next of kin, children, successors, and assigns of each.

### 10.    MODIFICATION

This Agreement may not be amended or modified except in writing signed by all Parties.

### 11.    SAVING CLAUSE

If any provision of this Agreement, or the application of a provision to any person or circumstance, is held invalid, the remainder of this Agreement, or the application of that provision to other persons or circumstances, shall not be affected thereby.

### 12.    COUNTERPARTS

This Agreement may be executed in one or more counterparts, including facsimile counterparts, and all so executed shall constitute one agreement, binding on all the parties hereto, even though all parties are not signatories to the original or the same counterpart. Any counterpart of this Agreement, which has attached to it separate signature pages, which altogether contain the signatures of all parties, is for all purposes deemed a fully executed instrument.

Dated: _____, 2009

Casey W. Bennett Trust

By: _____
Greg W. Kohn, Trustee

_____
Greg W. Kohn, individually

_____
Jean Kohn, individually

_____
Amanda Bennett, an individual

_____
Ronald D Ferguson, OSB # 751169,
Attorney for Amanda Bennett

_____
Melody Bennett, an individual

Page 7 of 8 – SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

**10.    MODIFICATION**

This Agreement may not be amended or modified except in writing signed by all Parties.

**11.    SAVING CLAUSE**

If any provision of this Agreement, or the application of a provision to any person or circumstance, is held invalid, the remainder of this Agreement, or the application of that provision to other persons or circumstances, shall not be affected thereby.

**12.    COUNTERPARTS**

This Agreement may be executed in one or more counterparts, including facsimile counterparts, and all so executed shall constitute one agreement, binding on all the parties hereto, even though all parties are not signatories to the original or the same counterpart. Any counterpart of this Agreement, which has attached to it separate signature pages, which altogether contain the signatures of all parties, is for all purposes deemed a fully executed instrument.

Dated: _____, 2009

Casey W. Bennett Trust

By:_____
    Greg W. Kohn, Trustee

_____
Amanda Bennett, an individual


_____
Greg W. Kohn, individually

_____
Ronald D Ferguson, OSB # 751169,
Attorney for Amanda Bennett


_____
Jean Kohn, individually

_____
Melody Bennett, an individual

P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


Alice Wheeler, guardian ad litem
For Christian and Makenzy Bennett

Ira R. Weatherhead, OSB #78007
of Attorneys for Alice Wheeler

INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN PLUS
(SERPLUS)

By: _____
   Its: _____


INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN (SERP)

By: _____
   Its: _____


Sarah J. Ryan, OSB No. 831311
of Attorneys for the Intel Sheltered
Employee Retirement Plan Plus
(SERPLUS) and the Intel
Sheltered Employee Retirement Plan
(SERP)

_P. M. Stay Jr._
_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust

INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN PLUS
(SERPLUS)

By: _____
    Its: _____

_____
Alice Wheeler, guardian ad litem
For Christian and Makenzy Bennett

INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN (SERP)

By: _____
    Its: _____

_____
Ira R. Weatherhead, OSB #78007
of Attorneys for Alice Wheeler

_____
Sarah J. Ryan, OSB No. 831311
of Attorneys for the Intel Sheltered
Employee Retirement Plan Plus
(SERPLUS) and the Intel
Sheltered Employee Retirement Plan
(SERP)

P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


*Alice Wheeler*
Alice Wheeler, guardian ad litem
For Christian and Makenzy Bennett



Ira R. Weatherhead, OSB #78007
of Attorneys for Alice Wheeler

INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN PLUS
(SERPLUS)

By: _____
    Its: _____


INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN (SERP)

By: _____
    Its: _____



Sarah J. Ryan, OSB No. 831311
of Attorneys for the Intel Sheltered
Employee Retirement Plan Plus
(SERPLUS) and the Intel
Sheltered Employee Retirement Plan
(SERP)

**Approved**

OCT 19 09

_____
P. Andrew McStay, Jr., OSB # 03399
of Attorneys for Greg Kohn, Trustee
of the Casey W. Bennett Trust


INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN PLUS
(SERPLUS)

By: _____
    Its: _____


_____
Alice Wheeler, guardian ad litem
For Christian and Makenzy Bennett


INTEL SHELTERED EMPLOYEE
RETIREMENT PLAN (SERP)

By: _____
    Its: _____


_____
Ira R. Weatherhead, OSB #78007
of Attorneys for Alice Wheeler

_____
Sarah J. Ryan, OSB No. 831311
of Attorneys for the Intel Sheltered
Employee Retirement Plan Plus
(SERPLUS) and the Intel
Sheltered Employee Retirement Plan
(SERP)

## IRREVOCABLE TRUST AGREEMENT
### (MAKENZY BENNETT TRUST)

THIS AGREEMENT is by and between MELODY BENNETT, as Trustor, and MELODY BENNETT, as Trustee.  This trust shall be known as the "MAKENZY BENNETT TRUST."

## ARTICLE 1
### FAMILY

Trustor is unmarried and has three living children.  Makenzy Bennett is one of her children. This Trust is being created to receive Makenzy's share of the settlement funds from the Intel pension plans of his deceased father Casey W. Bennett. Makenzy Bennett is the sole beneficiary of this Trust ("Beneficiary").

## ARTICLE 2
### TRUSTEE

**2.1    Successor Trustees.**  Melody Bennett may designate and appoint an individual or corporate fiduciary to serve as successor Trustee at such time as Melody Bennett is, for any reason, unable or unwilling to act in the capacity of Trustee.  During the lifetime of Melody Bennett, such designation and appointment shall be in writing.  If Melody Bennett fails to effectively designate and appoint a successor Trustee in the manner set forth above, or in the event the successor designated by her is for any reason unable or unwilling to act in the capacity of Trustee; then West Coast Trust Company of Salem, Oregon, shall serve as successor Trustee.

**2.2    Court Designation of Successor Trustee.**  If the trust has no Trustee and no successor is named in this instrument or appointed under ARTICLE 2.1, any court having jurisdiction may name a successor at the request of any person interested in the trust.

**2.3    Transfer to Successor Trustee.**  Upon acceptance, a successor Trustee shall succeed to all rights, powers, and duties of Trustee.  All right, title and interest in and to the trust property shall vest in the successor.  The prior Trustee shall, without warranty, transfer the existing trust property to the successor Trustee.  A successor Trustee shall not have any duty to examine the records or actions of any former Trustee and shall not be liable for the consequences of any act or failure to act of any former Trustee.

**2.4    No Bond Required.**  No bond or other undertaking shall be required of any individual or corporate Trustee.

## ARTICLE 3
## TRUST PROPERTY

**3.1    Intent.** Trustor hereby creates this trust as a means by which the settlement proceeds from the Intel pension plan litigation as described in section 3.2, and thereafter shall be held for the benefit of MAKENZY BENNETT.

**3.2    Trust Corpus; Additions.** Trustor hereby transfers to Trustee $100, to be held and administered according to the terms of this trust. The Trustor and anyone else, in particular the Intel SERP and SERPLUS pension plans pursuant to the settlement of Gregory W. Kohn, Trustee of the Casey W. Bennett Trust, v. Intel Sheltered Employee Retirement Plan (SERP) and Intel Sheltered Employee Retirement Plan Plus, (SERPLUS), U.S. District Court Case No. CV 08-1192-ST, may transfer additional property to Trustee at any time, to be held, administered, paid and distributed according to the terms hereof. Except for the Intel pension plan settlement money, Trustee may refuse to accept any transfer if Trustee deems it to be in the best interests of the trust and the beneficiary, and Trustee may accept it subject to one or more conditions imposed by the donor on Trustee, if Trustee deems it to be in the best interests of the trust and the beneficiary.

## ARTICLE 4
## TRUSTOR'S IRREVOCABLE TRUST

Trustor hereby renounces all interests either vested or contingent, including reversionary interests or possibilities of reverter, which Trustor might at any time be held to have in the income and/or corpus of this trust. The trust created by this Agreement shall be irrevocable, and the Trustor hereby expressly acknowledges that Trustor shall have no right or power, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this trust or any of the terms of this Agreement, in whole or in part, or to designate the person who shall possess or enjoy the trust property, or the income therefrom.

## ARTICLE 5
## DISPOSITION OF TRUST ESTATE

The trust shall be administered and distributed as follows:

**5.1    Discretionary Income and Principal Distributions.** Discretionary distributions for the duration of the trust shall be as follows: Trustee shall pay to or apply for the benefit of the Beneficiary such amounts of income or principal as Trustee, in Trustee's sole discretion, deems necessary for the health, education (including college, professional, vocational or graduate training, and other advanced education), support and maintenance of the beneficiary. In making determinations under this ARTICLE 5.1, the Trustee does not have to take into consideration other resources of the Beneficiary.

PAGE 2 - IRREVOCABLE TRUST AGREEMENT (MAKENZY BENNETT TRUST)

**5.2    Principal Distribution at age 25.**  When the Beneficiary attains the age of 25 years, Trustee shall distribute to the Beneficiary the entire then remaining trust estate, outright and free of trust.

**5.3    Distribution Upon Death.** If the Beneficiary dies prior to receiving distribution in full of the trust, the remaining property of the trust shall be distributed to the Beneficiary's then surviving lineal descendants, by right of representation. If the deceased beneficiary does not leave surviving lineal descendants, the entire then remaining trust estate shall be distributed to the estate of Makenzy Bennett.

**5.4    Direct or Indirect Payments Allowed.**  Trustee, in the exercise of Trustee's discretion, may pay income and principal to which the Beneficiary under this ARTICLE 5 is entitled, directly to the Beneficiary, or to any person who, or corporation which, shall be furnishing maintenance, support or education to the Beneficiary.  The receipt of any person to whom payment is made shall be a sufficient voucher for the Trustee, and no further accounting by the recipient is required.

**ARTICLE 6**
**TRUST ADMINISTRATION**

**6.1    Spendthrift Protection.**  The Beneficiary shall have no power to sell, assign, transfer, encumber or in any other manner anticipate or dispose of her interest in the trust or the income produced thereby prior to its actual distribution by Trustee to the beneficiary or to another for the benefit of the beneficiary in the manner authorized by this Agreement.  The Beneficiary shall have no assignable interest in any trust created under this Agreement or in the income therefrom.

**6.2    Allocations Between Principal and Income.**  Trustee shall have the power and authority to determine income and principal, and how receipts and disbursements, including fees of Trustee, shall be credited, charged or apportioned as between income and principal.  The decision reflected in the accounts of Trustee in accordance with this ARTICLE 6.2 shall be binding on all persons in interest.

**6.3    Trustee's Duty Toward Remaindermen.**  Nothing herein is intended to create any obligation on the part of Trustee to accumulate or retain any of the assets for the benefit of any potential remainder beneficiaries.  Rather, it is Trustor's intention that the assets be used for the benefit of the Beneficiary.  The provisions herein for the benefit of remainder beneficiaries are only intended to deal with the disposition of any assets that may happen to remain upon termination of the life estate.

**6.4    Rule Against Perpetuities.**  Notwithstanding any other provision of this Agreement to the contrary, unless sooner terminated or vested in accordance with other

PAGE 3 - IRREVOCABLE TRUST AGREEMENT (MAKENZY BENNETT TRUST)

provisions of this Agreement, all interests not otherwise vested, including but not limited to all trusts and powers of appointment created hereunder shall terminate on the last to occur of (a) 21 years after the death of the last to die of Trustor and her lineal descendants who are living on such date; or (b) 90 years after the death of Trustor, and at the end of which time distribution of all principal and all accrued, accumulated and undistributed income shall be made to the persons then entitled to distributions of income and in the manner and proportions herein stated, (or, if not stated, equally) irrespective of their then-attained ages.

## ARTICLE 7
## TRUSTEE POWERS

The Trustee shall have all powers conferred on a trustee by Oregon law, as now existing or later amended. In addition, Trustee shall have the power to:

**7.1    Manage and Dispose of Assets.** To manage, maintain, improve, lease, grant options on, encumber, sell, exchange, or otherwise dispose of part or all of the trust estate in any manner and on any terms Trustee considers beneficial to the trust estate.

**7.2    Retain Assets.** To retain in the trust estate, in Trustee's sole discretion, all or any assets received from the Trustor or from any other person or persons for such length of time as Trustee may deem desirable, whether or not such retention continues during the entire existence of the trust, without liability for depreciation in the value of the trust property or any portion thereof.

**7.3    Make Investments.** To invest and reinvest the trust estate in common or preferred stocks, bonds, mutual funds, common trust funds, secured and unsecured obligations, mortgages, and other property, real or personal, which Trustee considers advisable and in the best interest of the trust estate, whether or not authorized by law for the investment of trust funds.

**7.4    Receive Compensation.** The Trustee shall not receive compensation, but the Trustee shall be reimbursed for all reasonable expenses to administer the Trust  Any successor Trustee shall receive reasonable compensation for successor Trustee's own services and reimbursement for expenses incurred in administering the trust estate.

**7.5    Advance Funds or Borrow.** To borrow money for any trust purposes at prevailing rates of interest upon those terms and conditions which Trustee considers to be in the best interest of the trust estate.

**7.6    Choose Manner of Making Distribution.** To make any distribution in any of the following ways to the Beneficiary when she is a minor, incompetent, under legal disability, or considered by Trustee to be unable to handle property if paid to the beneficiary directly, without liability to Trustee: (a) directly to the Beneficiary; (b) to any person or organization furnishing health care, education, support, or maintenance.

PAGE 4 - IRREVOCABLE TRUST AGREEMENT (MAKENZY BENNETT TRUST)

**7.7    Consolidation of Trusts.** Trustee may consolidate any trust created by this instrument with any other trust if the trusts have the same beneficiaries and are substantially identical.

**7.8    Do Other Acts.** Except as otherwise provided in this Agreement, to do all acts that might legally be done by an individual in absolute ownership and control of property and which in Trustee's judgment are necessary or desirable for the proper and advantageous management of the trust estate.

**7.9    Limitation of Liability.** Notwithstanding any provision in this Agreement to the contrary, Trustee shall not be liable for any loss not attributable to Trustee's own dishonesty or to the willful commission by Trustee of any act known by Trustee to be a breach of trust.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

**8.1    Interpretation.** The laws of the state of Oregon shall govern with respect to the validity and interpretation of this instrument.

**8.2    Code.** "Code" shall mean the Internal Revenue Code, as amended, in effect on the date of Trustor's death, and reference to any provisions or sections of the Code shall be deemed to refer to the provision or section of the federal tax law in effect on the date of Trustor's death that corresponds to the provision or section referred to that was in effect at the time of the execution of this Agreement.

**8.3    Lineal Descendants.** "Lineal descendants" means all naturally born or legally adopted descendants of the person indicated.

**8.4    Representation.** "Representation" means the method of determining the passing of the trust estate when the beneficiaries of such property are of unequal degrees of kinship to the decedent. Property passing by "right of representation" shall be divided into as many shares as there are surviving descendants of the nearest degree of kinship and deceased persons of the same degree who left descendants who survive the decedent, each surviving descendant of the nearest degree receiving one share and the share of each deceased person of the same degree being divided among the descendants of the deceased person in the same manner.

///
///
///
///
///
///

PAGE 5 - IRREVOCABLE TRUST AGREEMENT (MAKENZY BENNETT TRUST)

IN WITNESS WHEREOF, the parties have made and entered into this Agreement on and as of this 16th day of October , 2009.

_Melody Bennett_
MELODY BENNETT, TRUSTOR

_Melody Bennett_
MELODY BENNETT, TRUSTEE

STATE OF OREGON          )
                         ) ss.
County of Clackamas      )

The foregoing instrument was acknowledged before me this 16th day of October, 2009.

OFFICIAL SEAL
KELLY J HAYS
NOTARY PUBLIC-OREGON
COMMISSION NO. 430262
MY COMMISSION EXPIRES JUNE 30, 2012

Notary Public for Oregon
My Commission Expires June 30, 2012

PAGE 6 - IRREVOCABLE TRUST AGREEMENT (MAKENZY BENNETT TRUST)

## IRREVOCABLE TRUST AGREEMENT
### (CHRISTIAN BENNETT TRUST)

THIS AGREEMENT is by and between MELODY BENNETT, as Trustor, and MELODY BENNETT, as Trustee. This trust shall be known as the "CHRISTIAN BENNETT TRUST."

## ARTICLE 1
### FAMILY

Trustor is unmarried and has three living children. Christian Bennett is one of her children. This Trust is being created to receive Christian's share of the settlement funds from the Intel pension plans of his deceased father Casey W. Bennett. Christian Bennett is the sole beneficiary of this Trust ("Beneficiary").

## ARTICLE 2
### TRUSTEE

**2.1    Successor Trustees.** Melody Bennett may designate and appoint an individual or corporate fiduciary to serve as successor Trustee at such time as Melody Bennett is, for any reason, unable or unwilling to act in the capacity of Trustee. During the lifetime of Melody Bennett, such designation and appointment shall be in writing. If Melody Bennett fails to effectively designate and appoint a successor Trustee in the manner set forth above, or in the event the successor designated by her is for any reason unable or unwilling to act in the capacity of Trustee; then West Coast Trust Company of Salem, Oregon, shall serve as successor Trustee.

**2.2    Court Designation of Successor Trustee.** If the trust has no Trustee and no successor is named in this instrument or appointed under ARTICLE 2.1, any court having jurisdiction may name a successor at the request of any person interested in the trust.

**2.3    Transfer to Successor Trustee.** Upon acceptance, a successor Trustee shall succeed to all rights, powers, and duties of Trustee. All right, title and interest in and to the trust property shall vest in the successor. The prior Trustee shall, without warranty, transfer the existing trust property to the successor Trustee. A successor Trustee shall not have any duty to examine the records or actions of any former Trustee and shall not be liable for the consequences of any act or failure to act of any former Trustee.

**2.4    No Bond Required.** No bond or other undertaking shall be required of any individual or corporate Trustee.

# ARTICLE 3
# TRUST PROPERTY

**3.1    Intent.**  Trustor hereby creates this trust as a means by which the settlement proceeds from the Intel pension plan litigation as described in section 3.2, and thereafter shall be held for the benefit of CHRISTIAN BENNETT.

**3.2    Trust Corpus; Additions.**  Trustor hereby transfers to Trustee $100, to be held and administered according to the terms of this trust.  The Trustor and anyone else, in particular the Intel SERP and SERPLUS pension plans pursuant to the settlement of Gregory W. Kohn, Trustee of the Casey W. Bennett Trust, v. Intel Sheltered Employee Retirement Plan (SERP) and Intel Sheltered Employee Retirement Plan Plus, (SERPLUS), U.S. District Court Case No. CV 08-1192-ST, may transfer additional property to Trustee at any time, to be held, administered, paid and distributed according to the terms hereof.  Except for the Intel pension plan settlement money, Trustee may refuse to accept any transfer if Trustee deems it to be in the best interests of the trust and the beneficiary, and Trustee may accept it subject to one or more conditions imposed by the donor on Trustee, if Trustee deems it to be in the best interests of the trust and the beneficiary.

# ARTICLE 4
# TRUSTOR'S IRREVOCABLE TRUST

Trustor hereby renounces all interests either vested or contingent, including reversionary interests or possibilities of reverter, which Trustor might at any time be held to have in the income and/or corpus of this trust.  The trust created by this Agreement shall be irrevocable, and the Trustor hereby expressly acknowledges that Trustor shall have no right or power, whether alone or in conjunction with others, in whatever capacity, to alter, amend, revoke, or terminate this trust or any of the terms of this Agreement, in whole or in part, or to designate the person who shall possess or enjoy the trust property, or the income therefrom.

# ARTICLE 5
# DISPOSITION OF TRUST ESTATE

The trust shall be administered and distributed as follows:

**5.1    Discretionary Income and Principal Distributions.**  Discretionary distributions for the duration of the trust shall be as follows: Trustee shall pay to or apply for the benefit of the Beneficiary such amounts of income or principal as Trustee, in Trustee's sole discretion, deems necessary for the health, education (including college, professional, vocational or graduate training, and other advanced education), support and maintenance of the beneficiary.  In making determinations under this ARTICLE 5.1, the Trustee does not have to take into consideration other resources of the Beneficiary.

Case 3:08-cv-01192-ST    Document 32    Filed 10/22/2009    Page 28 of 31

**5.2    Principal Distribution at age 25.**  When the Beneficiary attains the age of 25 years, Trustee shall distribute to the Beneficiary the entire then remaining trust estate, outright and free of trust.

**5.3    Distribution Upon Death.**  If the Beneficiary dies prior to receiving distribution in full of the trust, the remaining property of the trust shall be distributed to the Beneficiary's then surviving lineal descendants, by right of representation. If the deceased beneficiary does not leave surviving lineal descendants, the entire then remaining trust estate shall be distributed to the Makenzy Bennett Trust established the same date hereof.

**5.4    Direct or Indirect Payments Allowed.**  Trustee, in the exercise of Trustee's discretion, may pay income and principal to which the Beneficiary under this ARTICLE 5 is entitled, directly to the Beneficiary, or to any person who, or corporation which, shall be furnishing maintenance, support or education to the Beneficiary.  The receipt of any person to whom payment is made shall be a sufficient voucher for the Trustee, and no further accounting by the recipient is required.

**ARTICLE 6**
**TRUST ADMINISTRATION**

**6.1    Spendthrift Protection.**  The Beneficiary shall have no power to sell, assign, transfer, encumber or in any other manner anticipate or dispose of his interest in the trust or the income produced thereby prior to its actual distribution by Trustee to the beneficiary or to another for the benefit of the beneficiary in the manner authorized by this Agreement.  The Beneficiary shall have no assignable interest in any trust created under this Agreement or in the income therefrom.  Neither the principal nor the income shall be liable for the debts of the Beneficiary.

**6.2    Allocations Between Principal and Income.**  Trustee shall have the power and authority to determine income and principal, and how receipts and disbursements, including fees of Trustee, shall be credited, charged or apportioned as between income and principal.  The decision reflected in the accounts of Trustee in accordance with this ARTICLE 6.2 shall be binding on all persons in interest.

**6.3    Trustee's Duty Toward Remaindermen.**  Nothing herein is intended to create any obligation on the part of Trustee to accumulate or retain any of the assets for the benefit of any potential remainder beneficiaries.  Rather, it is Trustor's intention that the assets be used for the benefit of the Beneficiary.  The provisions herein for the benefit of remainder beneficiaries are only intended to deal with the disposition of any assets that may happen to remain upon termination of the life estate.

**6.4     Rule Against Perpetuities.** Notwithstanding any other provision of this Agreement to the contrary, unless sooner terminated or vested in accordance with other provisions of this Agreement, all interests not otherwise vested, including but not limited to all trusts and powers of appointment created hereunder shall terminate on the last to occur of (a) 21 years after the death of the last to die of Trustor and her lineal descendants who are living on such date; or (b) 90 years after the death of Trustor, and at the end of which time distribution of all principal and all accrued, accumulated and undistributed income shall be made to the persons then entitled to distributions of income and in the manner and proportions herein stated, (or, if not stated, equally) irrespective of their then-attained ages.

## ARTICLE 7
## TRUSTEE POWERS

The Trustee shall have all powers conferred on a trustee by Oregon law, as now existing or later amended.  In addition, Trustee shall have the power to:

**7.1     Manage and Dispose of Assets.** To manage, maintain, improve, lease, grant options on, encumber, sell, exchange, or otherwise dispose of part or all of the trust estate in any manner and on any terms Trustee considers beneficial to the trust estate.

**7.2     Retain Assets.** To retain in the trust estate, in Trustee's sole discretion, all or any assets received from the Trustor or from any other person or persons for such length of time as Trustee may deem desirable, whether or not such retention continues during the entire existence of the trust, without liability for depreciation in the value of the trust property or any portion thereof.

**7.3     Make Investments.** To invest and reinvest the trust estate in common or preferred stocks, bonds, mutual funds, common trust funds, secured and unsecured obligations, mortgages, and other property, real or personal, which Trustee considers advisable and in the best interest of the trust estate, whether or not authorized by law for the investment of trust funds.

**7.4     Receive Compensation.** The Trustee shall not receive compensation, but the Trustee shall be reimbursed for all reasonable expenses to administer the Trust.  Any successor Trustee shall receive reasonable compensation for successor Trustee's own services and reimbursement for expenses incurred in administering the trust estate.

**7.5     Advance Funds or Borrow.** To borrow money for any trust purposes at prevailing rates of interest upon those terms and conditions which Trustee considers to be in the best interest of the trust estate.

**7.6     Choose Manner of Making Distribution.** To make any distribution in any of the following ways to the Beneficiary when he is a minor, incompetent, under legal disability, or considered by Trustee to be unable to handle property if paid to the beneficiary directly, without

liability to Trustee: (a) directly to the Beneficiary; (b) to any person or organization furnishing health care, education, support, or maintenance.

**7.7    Consolidation of Trusts.** Trustee may consolidate any trust created by this instrument with any other trust if the trusts have the same beneficiaries and are substantially identical.

**7.8    Do Other Acts.** Except as otherwise provided in this Agreement, to do all acts that might legally be done by an individual in absolute ownership and control of property and which in Trustee's judgment are necessary or desirable for the proper and advantageous management of the trust estate.

**7.9    Limitation of Liability.** Notwithstanding any provision in this Agreement to the contrary, Trustee shall not be liable for any loss not attributable to Trustee's own dishonesty or to the willful commission by Trustee of any act known by Trustee to be a breach of trust.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

**8.1    Interpretation.** The laws of the state of Oregon shall govern with respect to the validity and interpretation of this instrument.

**8.2    Code.** "Code" shall mean the Internal Revenue Code, as amended, in effect on the date of Trustor's death, and reference to any provisions or sections of the Code shall be deemed to refer to the provision or section of the federal tax law in effect on the date of Trustor's death that corresponds to the provision or section referred to that was in effect at the time of the execution of this Agreement.

**8.3    Lineal Descendants.** "Lineal descendants" means all naturally born or legally adopted descendants of the person indicated.

**8.4    Representation.** "Representation" means the method of determining the passing of the trust estate when the beneficiaries of such property are of unequal degrees of kinship to the decedent. Property passing by "right of representation" shall be divided into as many shares as there are surviving descendants of the nearest degree of kinship and deceased persons of the same degree who left descendants who survive the decedent, each surviving descendant of the nearest degree receiving one share and the share of each deceased person of the same degree being divided among the descendants of the deceased person in the same manner.

///
///
///
///

PAGE 5 - IRREVOCABLE TRUST AGREEMENT (CHRISTIAN BENNETT TRUST)

IN WITNESS WHEREOF, the parties have made and entered into this Agreement on and as of this _16th_ day of _October_, 2009.

_Melody Bennett_
MELODY BENNETT, TRUSTOR

_Melody Bennett_
MELODY BENNETT, TRUSTEE


STATE OF OREGON        )
                       ) ss.
County of _Clackamas_  )

The foregoing instrument was acknowledged before me this _16th_ day of _October_, 2009.

OFFICIAL SEAL
KELLY J HAYS
NOTARY PUBLIC-OREGON
COMMISSION NO. 430262
MY COMMISSION EXPIRES JUNE 30, 2012

Notary Public for Oregon
My Commission Expires _June 30, 2012_


PAGE 6 - IRREVOCABLE TRUST AGREEMENT (CHRISTIAN BENNETT TRUST)